**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BRIAN KNUTSON, individually and on behalf of all others similarly situated,** § § § | **CASE NO: _____** | |
| Plaintiff, § § | **JURY TRIAL DEMANDED** | |
| v. § § | | |
| **NCR CORPORATION,** § § | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** | |
| Defendant. § | **CLASS ACTION (FED. R. CIV. P. 23)** | |

**ORIGINAL COMPLAINT**

**SUMMARY**

1. NCR Corporation (NCR or Defendant) failed to pay its hourly customer engineers (often referred to as technicians) for all hours worked at the appropriate rate of pay as required by the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b), *et. seq.*, and Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1 *et seq*.

2. Brian Knutson (Knutson or Plaintiff) brings this Lawsuit individually and on behalf of all current and former hourly customer engineers who worked for NCR who were denied proper overtime compensation at the appropriate rate of pay as a result of NCR's failure to properly compensate them by failing to: (1) pay them for off-the-clock hours worked; and (2) include certain additional compensation, including incentive bonuses and auto allowances, in their regular rate of pay for purposes of calculating overtime compensation.

3. NCR employed Knutson and its other customer engineers as hourly workers nationwide during the past three years.

4. Knutson and NCR's other customer engineers routinely worked more than 40 hours each week for NCR.

5. But NCR failed to pay Knutson and other customer engineers like him overtime compensation as required by the FLSA and IMWL.

6. Through its uniform formal and informal policies and procedures and corporate culture, NCR required Knutson and its other customer engineers to work significant time off-the-clock without pay if not physically on location.

7. In addition, NCR paid Knutson and its other customer engineers incentive bonuses in the form of gift cards and a weekly auto allowance which it uniformly failed to include in their regular rate of pay for purposes of calculating the proper overtime rate in violation of the FLSA and IMWL.

8. NCR's policies apply uniformly to all of its hourly customer engineers.

9. Knutson thus brings this class and collective action to recover unpaid overtime wages, liquidated damages, attorneys' fees, and costs, and other damages available under the FLSA and IMWL.

## JURISDICTION AND VENUE

10. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this Action involves a federal question under the FLSA.

11. The Court has original jurisdiction over this Action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).

12. The Court also has supplemental jurisdiction over any state law class pursuant to 28 U.S.C. § 1367.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial portion of the facts giving rise to this suit occurred in this District and Division.

14. Knutson worked for NCR in this District and Division during the relevant period.

15. NCR maintains a corporate office in Manhattan, Will County, Illinois, located in this District and Division.

## THE PARTIES

16. NCR employed Knutson as a customer engineer from approximately March 2020 through August 2021.

17. Knutson's written consent is attached as <u>Exhibit 1</u>.

18. Knutson worked for NCR in Illinois.

19. NCR paid Knutson on an hourly basis for his work as a customer engineer.

20. Knutson regularly worked more than 40 hours each week as a customer engineer.

21. But NCR did not allow Knutson to report all of the hours he worked each week.

22. As a customer engineer for NCR, Knutson regularly worked off-the-clock.

23. NCR only allowed its customer engineers to report the hours they worked while physically at a job location.

24. However, Knutson and NCR's other customer engineers routinely performed necessary job duties, including communicating with NCR clients before and after jobsite visits, while not physically on location.

25. Knutson was not paid for time spent working anywhere other than at a jobsite.

26. Even if Knutson did report working under 40 hours in a workweek, he still worked time off-the-clock that NCR instructed him not to report and is owed that time at his regular rate and overtime rates for those weeks that exceeded 40 hours.

27. Knutson also received incentive bonuses and a weekly auto allowance that were not included in his regular rate of pay.

28. Knutson brings this Action on behalf of himself and other similarly situated customer engineers who were required to work off-the-clock and/or who received incentive bonuses and an auto allowance that NCR failed to include in their regular rate of pay in violation of 29 U.S.C. § 207(e) (the regular rate must include "all remuneration" received).

29. Knutson and the other customer engineers worked off-the-clock but were not paid for all the time they worked.

30. Knutson and the other customer engineers were controlled by the same NCR policies and procedures that required them to work off-the-clock.

31. The class of similarly situated employees Knutson seeks to be certified as a collective action under 29 U.S.C. § 216(b) of the FLSA is defined as:

> **All hourly customer engineers working for NCR who worked off-the-clock and/or received an auto allowance or incentive bonus in the last three years (the FLSA Class).**

32. Knutson further seeks certification of a class under FED. R. CIV. P. 23 to remedy NCR's violations of the IMWL.

33. The class of similarly situated employees sought to be certified as a class action under the IMWL is defined as:

> **All hourly customer engineers working for NCR in Illinois who worked off-the-clock and/or received an auto allowance or incentive bonus in the last three years (the Illinois Class).**

34. NCR is a Maryland corporation who does business nationwide, including in this District and Division. NCR may be served with process by serving its registered agent(s), Illinois Corporation Service Company, at 801 Adlai Stevenson Drive, Springfield, Illinois 62703 or Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092, or wherever they may be found.

### COVERAGE UNDER THE FLSA AND IMWL

35. At all relevant times, NCR was an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

36. At all times hereinafter mentioned, NCR was an employer within the meaning of the IMWL.

37. At all relevant times, Knutson and the customer engineers were employees within the meaning of the FLSA.

38. At all relevant times, Knutson and the customer engineers were employees within the meaning of the IMWL.

39. At all relevant times, NCR was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

40. At all relevant times, NCR was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, computers, walkie-talkies, hardhats, and personal protective equipment - that have been moved in or produced for commerce.

41. At all relevant times, NCR has had an annual gross volume of sales made or business done of not less than $500,000.

42. At all relevant times, Knutson and the customer engineers were engaged in commerce or in the production of goods for commerce.

## THE FACTS

43. NCR is a leading software and services provider servicing the financial, retail, and hospitality industries.

44. NCR operates nationwide and globally in Canada and Puerto Rico.

45. NCR maintains corporate offices in 14 different states (including Illinois), six Canadian provinces, and in Puerto Rico and claims to employ approximately 36,000 employees globally. *See* https://www.ncr.com/about/locations.

46. To provide services to its clients, NCR employs customer engineers to provide its clients with onsite technical support across various platforms.

47. Knutson worked as a customer engineer for NCR from approximately March 2020 through August 20, 2021.

48. NCR paid Knutson (and its other customer engineers) on an hourly basis.

49. Knutson's primary job was to report to service calls to provide onsite technical support to NCR's clients by diagnosing and troubleshooting various electronic and mechanical issues, repair and such issues as necessary, upgrade NCR clients' hardware and software, perform preventative maintenance, document required paperwork relating to work completed, and coordinate and communicate with NCR's customers.

50. NCR's other customer engineers performed the same or similar job duties as Knutson.

51. The customer engineers' job duties were largely routine and governed by NCR's policies and procedures.

52. On a daily basis, NCR required Knutson and its other customer engineers to report to their first jobsite by 8:00 a.m.

53. NCR only allowed its customer engineers to report the hours they worked while physically at a job location.

54. However, Knutson and NCR's other customer engineers routinely performed necessary job duties while not physically at a job location, including but not limited to, communicating with NCR clients before and after jobsite visits, completing required paperwork, and driving from one jobsite to another.

55. NCR did not allow Knutson and its other customer engineers to report the time they spent performing necessary job duties while not physically on location.

56. NCR did not compensate Knutson and its other customer engineers for the time they spent performing necessary job duties while not physically on location.

57. NCR thus required Knutson and its other customer engineers to work off-the-clock.

58. Knutson estimates that he spent between 30 minutes and two hours each day performing work-related tasks while not physically on a jobsite for which he was not compensated for.

59. NCR's uniform, mandated policy that its customer engineers could not report hours worked while not physically at a jobsite resulted in NCR's customer engineers being required to work off-the-clock.

60. Indeed, when Knutson and the customer engineers worked while not on a jobsite, they regularly did not report all the hours they worked in a week because of NCR's policy.

61. Knutson and the customer engineers regularly worked more than 40 hours each week for NCR.

62. Knutson and NCR's other customer engineers worked a similar schedule.

63. Knutson is aware of other individuals who, because of NCR's illegal policy, worked off-the-clock while not physically at a jobsite.

64. Knutson and the customer engineers' timesheets thus do not accurately reflect the time they worked each week because NCR pressured them to complete all their work but not report hours worked while not physically on location.

65. NCR's corporate policies and culture resulted in Knutson and the customer engineers working without pay.

66. As a result of NCR's timekeeping and pay policies, Knutson and the customer engineers spent considerable time working for NCR off-the-clock each week without being paid for this off-the-clock work.

67. Knutson is one of many such workers that NCR employed.

68. Numerous other NCR hourly customer engineers worked for NCR nationwide performing similar job duties in which they also performed unpaid off-the-clock work during the relevant period.

69. These workers make up the proposed FLSA Class and Illinois Class.

70. During the relevant period, these customer engineers regularly worked more than 40 hours each week.

71. During the relevant period, these employees were not paid overtime compensation for hours they worked for over 40 in a week as required by the FLSA and IMWL.

72. While exact job titles and job duties may differ, NCR subjected the customer engineers to the same or similar illegal pay practices for performing similar work.

73. Knutson and the proposed class members worked for NCR in the past three years.

74. At all relevant times, the proposed class members were paid on an hourly basis.

75. NCR required Knutson and its other customer engineers to only report hours worked physically on location.

76. But, to perform their job duties, Knutson and its other customer engineers were required to perform work-related duties while not physically on location for which they were not compensated for based on NCR's illegal policy.

77. Like Knutson, the FLSA and Illinois Class Members regularly worked more than 40 hours each week, and regularly worked between 30 minutes and two hours each day performing work-related tasks required of them while not physically on location.

8

78. The result of NCR's timekeeping and pay policies ensured the FLSA and Illinois Class Members, like Knutson, spent considerable time working for NCR off-the-clock each week, for which they were not paid.

79. The time Knutson and the FLSA and Illinois Class Members spent performing their necessary off-the-clock work was an integral and indispensable part of their principal activities, was required by NCR, and was performed for NCR's benefit.

80. As a result of this off-the-clock policy and practice, at all relevant times, NCR did not pay these workers for all hours worked, including overtime compensation for hours worked in excess of 40 in a workweek.

81. As such, Knutson and the customer engineers were not properly compensated at one-and-one-half times their regular rates – as defined by the FLSA and IMWL – for all hours worked, including overtime worked more than 40 hours in a single workweek.

82. NCR knowingly or with reckless disregard failed to pay these workers for all hours worked each week at the appropriate rate of pay.

83. As a result of NCR's actions, Knutson and the customer engineers were paid less overtime compensation than required by the FLSA.

84. NCR also paid its hourly customer engineers incentive bonuses and a weekly auto allowance that it failed to include in their regular rate of pay for purposes of calculating overtime pay.

85. For example, Knutson received incentive bonuses in the form of gift cards (often worth between $100-$300) and a $35.00 weekly auto allowance.

86. The incentive bonuses were announced and were intended to induce the customer engineers to work more efficiently and effectively and thus were non-discretionary.

87. NCR failed to include the non-discretionary incentive bonuses in the regular rate calculation for the purposes of determining the customer engineers' overtime rates.

9

88. Similarly, NCR failed to include the weekly auto pay it paid its customer engineers in the regular rate calculation for the purposes of determining the overtime rate.

89. For example, NCR paid Knutson a $35.00 weekly automobile allowance that it failed to include in his regular rate calculation.

90. NCR paid the auto allowance as part of the customer engineers' wages.

91. NCR knew that all wages and non-discretionary bonuses were considered remuneration for purposes of the overtime rate.

92. NCR knowingly or with reckless disregard failed to include the incentive bonuses and auto allowance in the regular rate for purposes of determining the correct overtime rate.

93. As a result of NCR's actions, Knutson and the customer engineers were paid less overtime wages than required by the FLSA and IMWL.

### CLASS & COLLECTIVE ACTION ALLEGATIONS

94. The illegal pay practices NCR imposed on Knutson were imposed on members of the FLSA and Illinois Classes.

95. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA and IMWL.

96. Numerous other individuals who worked with Knutson were paid in the same manner, performed similar work, and were not properly compensated for all hours worked at the appropriate rate of pay as required by state and federal wage laws.

97. Based on his experiences and tenure with NCR, Knutson is aware that NCR's illegal practices were imposed on members of the FLSA and Illinois Classes.

98. During the relevant period, the members of the FLSA and Illinois Classes were not paid for all hours worked, including overtime when they worked in excess of 40 hours per week because of NCR's off-the-clock policy.

99. During the relevant period, the members of the FLSA and Illinois Classes were not paid overtime wages at the appropriate rate of pay because of NCR's policy of excluding certain incentive bonuses and auto allowances from the regular rate of pay for purposes of calculating overtime pay.

100. NCR's failure to pay overtime at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the members of the FLSA and Illinois Classes.

101. Knutson's experiences are therefore typical of the experiences of members of the FLSA and Illinois Classes.

102. The specific job titles or precise job locations of the various members of the FLSA and Illinois Classes do not prevent class or collective treatment.

103. Knutson has no interests contrary to, or in conflict with, the members of the FLSA and Illinois Classes.

104. Like each member of the FLSA and Illinois Classes, Knutson has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

105. Upon information and belief, NCR employed more than 40 Class Members in Illinois during the Relevant Period.

106. The precise size and the identity of the members of the FLSA and Illinois Classes, is ascertainable from the business records, tax records, and/or employee or personnel records maintained by NCR.

107. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

108. Absent a class and collective action, many members of the FLSA and Illinois Classes will not obtain redress of their injuries and NCR will reap the unjust benefits of violating the FLSA and applicable state labor laws, including the IMWL.

109. Furthermore, even if some members of the FLSA and Illinois Classes could afford individual litigation against NCR, it would be unduly burdensome to the judicial system.

110. If individual actions were required to be brought by each member of the FLSA and Illinois Classes, it would necessarily result in a multiplicity of lawsuits and would create hardship to members of the FLSA and Illinois Classes, to NCR, and to the Court.

111. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the members of the FLSA and Illinois Classes and provide for judicial consistency.

112. The questions of law and fact common to each of the members of the FLSA and Illinois Classes predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a. Whether NCR required Knutson and members of the FLSA and Illinois Classes to work more than 40 hours during individual workweeks;

    b. Whether NCR failed to pay the members of the FLSA and Illinois Classes at the appropriate rate of pay for all hours worked, including for those hours worked over 40 in a workweek in violation of the FLSA and IMWL;

    c. Whether NCR's decision to require the members of FLSA and Illinois Classes to work off-the-clock and its failure to include incentive bonuses and auto allowances in their regular rate of pay for purposes of calculating overtime pay was made in good faith;

    d. Whether NCR's violation of the FLSA and IMWL was willful; and

   e.  Whether NCR's illegal pay practices were applied to members of the FLSA and Illinois Classes.

113. Knutson and members of the FLSA and Illinois Classes sustained damages arising out of NCR's illegal and uniform employment policy.

114. Knutson knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

115. Knutson will fairly and adequately represent and protect the interests of members of the FLSA and Illinois Classes.

116. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective and class action treatment.

## CAUSE OF ACTION – VIOLATION OF THE FLSA

117. Knutson alleges NCR violated 29 U.S.C. § 207(a)(1) by failing to pay its hourly customer engineers for: (1) all hours worked over 40 in each workweek; and (2) at a rate not less than one and one-half times the regular rate at which the customer engineers were employed.

118. Knutson alleges NCR violated 29 U.S.C. § 207(e) by failing to include the incentive bonuses and auto allowances it paid its customer engineers in their regular rate for purposes of calculating overtime compensation.

119. Through its uniform formal and informal policies and procedures and corporate culture, NCR required Knutson and its other customer engineers to work significant time off-the-clock without pay if not physically on location.

120. In addition, NCR paid Knutson and its other customer engineers incentive bonuses in the form of gift cards and a weekly auto allowance which it uniformly failed to include in their regular rate of pay for purposes of calculating the proper overtime rate in violation of the FLSA.

121. NCR should have included the incentive bonuses and auto allowances it paid all its customer engineers in their regular rate of pay because the bonuses were non-discretionary, and NCR treated the auto allowances as wages.

122. NCR owes Knutson and the FLSA Class the difference between the rate paid to them and the proper overtime rate for all hours worked, including for those hours the customer engineers worked off-the-clock.

123. NCR nonetheless failed to pay certain hourly employees, such as the customer engineers, overtime wages for all hours worked at the proper rate.

124. NCR's failure to pay overtime wages to these hourly workers for all hours worked at the proper rate, including overtime hours, was, and is, a willful violation of the FLSA.

125. Because NCR knew, or showed reckless disregard for whether its pay practices violated the FLSA, NCR owes these wages for at least the past three years.

126. NCR is liable to Knutson and the FLSA Class Members for an amount equal to all unpaid overtime wages as liquidated damages.

127. Knutson and the FLSA Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### CAUSE OF ACTION – VIOLATION OF THE IMWL

128. All previous paragraphs are incorporated as though fully set forth herein.

129. Knutson brings this claim against NCR for violations of the IMWL as a class action pursuant to 735 ILCS 5/2-801.

130. NCR is subject to the overtime requirements of the IMWL because NCR is an employer under 820 ILCS 105/3.

131. During all relevant times, Knutson and the Illinois Class Members were covered employees entitled to the above-described IMWL's protections. *See* 820 ILCS 105/3.

132. During all relevant times, Knutson was subject to the requirements of the IMWL.

133. During all relevant times, NCR employed Knutson and each Illinois Class Member as an "employee" within the meaning of the IMWL.

134. The IMWL requires employers like NCR to pay employees for all hours worked and to pay employees at one and one-half times the regular rate of pay for hours worked in excess of 40 hours in any one week. *See* 820 ILCS 105/4; 820 ILCS 105/4a.

135. Knutson and each Illinois Class Member are entitled to overtime pay under the IMWL.

136. NCR has and had a policy and practice of requiring employees to work unpaid off-the-clock and excluding incentive bonuses and auto allowances from the regular rate. This policy resulted in the failure of NCR to pay Knutson and the Illinois Class Members for all hours worked at the appropriate rate of pay, including overtime compensation.

137. Knutson and the Illinois Class seek unpaid overtime compensation in an amount equal to 1.5 times the correct regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

138. Knutson and the Illinois Class also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by NCR.

## JURY DEMAND

139. Knutson demands a trial by jury.

## PRAYER

140. Knutson prays for relief as follows:

   a. An Order designating the FLSA Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated

      individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to sue pursuant to 29 U.S.C. § 216(b);

b. For an Order designating the Illinois Class as a class action pursuant to FED. R. CIV. P. 23;

c. For an Order appointing Knutson and his counsel to represent the interests of the FLSA and Illinois Classes;

d. For an Order finding NCR liable to Knutson and the FLSA Class for unpaid overtime compensation owed under the FLSA, as well as liquidated damages in an amount equal to their unpaid overtime compensation;

e. For an Order finding NCR liable to Knutson and the Illinois Class for unpaid overtime owed under the IMWL, as well as interest at the rate of 5% per month in the amount of the underpayment;

f. For an Order awarding penalty damages, attorneys' fees, costs and pre- and post-judgment interest at the highest available rates; and

g. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

Date:  October 26, 2022 　　　　　　　　　　　　 */s/Douglas M. Werman*
　　　　　　　　　　　　　　　　　　　　　　　　　One of Plaintiff's Attorneys

Douglas M. Werman – dwerman@flsalaw.com
Maureen A. Salas – msalas@flsalaw.com
Sarah J. Arendt – sarendt@flsalaw.com
**WERMAN SALAS P.C.**
77 W. Washington St., Ste 1402
Chicago, IL 60602
T: (312) 419-1008


　　　**AND**

Michael A. Josephson
Texas State Bar No. 24014780
mjosephson@mybackwages.com
Lindsay Itkin Reimer
Texas State Bar No. 24068647
litkin@mybackwages.com
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Ste 3050
Houston, TX 77046
T: 713-352-1100
F: 713-352-3300

　　　**AND**

Richard J. (Rex) Burch
Texas State Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C.**
11 Greenway Plaza, Ste 3025
Houston, TX 77046
T: 713-877-8788
F: 713-877-8065

**ATTORNEYS IN CHARGE FOR PLAINTIFF**